UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

COLLINS, ET AL                                CIVIL ACTION

VERSUS                                        NO: 12-1622

CARNIVAL CORPORATION, ET AL.                  SECTION: R(2)

**ORDER AND REASONS**

Before the Court is defendants' motion to dismiss plaintiffs' complaint based on the forum selection clause in the passenger ticket contract.[1] The Court grants defendants' motion because plaintiffs failed to show that the forum selection clause is unreasonable or was procured by fraud or overreaching.

**I.   BACKGROUND**

On April 6, 2011, plaintiffs purchased tickets for a five-day Carribean cruise on the Carnival *Triumph*. The cruise was scheduled to depart from New Orleans, Louisiana, on June 25, 2011. Plaintiffs allege that when they attempted to board the ship, Carnival employees refused to allow plaintiff Sarah Collins to board because she lacked proper identification. Plaintiffs allege that Carnival employees detained them in the boarding area

---

[1] R. Doc. 1.

1

for several hours and that they ultimately did not board the ship.

Carnival's passenger ticket contract contains a forum selection clause stating that "all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated...before the United States District Court for the Southern District of Florida in Miami, or...before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country." On June 24, 2011, plaintiffs acknowledged receipt of and accepted all terms and conditions of their respective passenger contracts electronically as a prerequisite for boarding.

On June 22, 2012, plaintiffs filed a complaint in this court against Carnival for "[i]llegal detention and/or false imprisonment of all plaintiffs; [d]amage of and failure to immediately return plaintiffs' luggage...; and [f]ailure to timely make all insurance payments due and owing."[2] On October 29, 2012, Carnival moved to dismiss, contending that the forum selection clause in plaintiffs' tickets required them to bring suit in a court in Miami-Dade County, Florida.[3] Plaintiffs did not respond to Carnival's motion to dismiss.

---

[2] *Id.* at 7.

[3] R. Doc. 9.

**II.  ANALYSIS**

As this case involves a contract for the transportation of passengers, it arises in admiralty and is governed by federal maritime law. *Archawski v. Hanioti*, 350 U.S. 532, 533 (1956). In maritime actions, forum selection clauses are prima facie valid and should be enforced unless the resisting party demonstrates "that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-11 (1972)). In *Carnival Cruise Lines, Inc. v. Shute*, the United States Supreme Court held that a forum selection clause contained in a cruise ship ticket was enforceable. 499 U.S. 585 (1991). In that case, the cruise ship sailed from Los Angeles, California, to Puerto Vallarta, Mexico. One of the plaintiffs was injured when the ship was in international waters off the coast of Mexico. As here, the cruise ticket included a forum selection clause requiring claims to be litigated before a court in the State of Florida. The *Shute* plaintiffs sued Carnival in the United States District Court for the Western District of Washington and argued that the forum selection clause was unenforceable.

In enforcing the forum selection clause, the Supreme Court relied on the lack of any indication that the choice of a Florida venue was intended to discourage plaintiffs or other passengers from pursuing a legitimate claim. The Court found the clause reasonable based on the cruise line's interest in limiting the number of fora in which it may be subject to suit, the desirability of minimizing the time and expense of pretrial motions to determine where suit must be brought and defended, and the passenger's ability to obtain reduced fares by virtue of "the savings the cruise line enjoys by limiting the fora in which it may be sued." *Id.* at 593-94. The Court further found that Florida was not "a remote alien forum," and that a dispute about an accident off the coast of Mexico was not "an essentially local one inherently more suited to resolution in the State of Washington than in Florida." *Id.* at 594 (internal quotations omitted). The Court also noted that the plaintiffs had provided no indication that Carnival secured their agreement to the forum selection clause through fraud or overreaching, or that there was a lack of notice. *Id.* at 595.

The same factors considered by the Supreme Court in *Shute* render the forum selection clause enforceable in this case. The plaintiffs have presented no argument that the clause is unfair, that they lacked notice, or that they would be unduly burdened by being forced to litigate their claims in Florida. Nor is there

4

any suggestion that Carnival secured their agreement to the forum selection clause through fraud or overreaching. Because plaintiffs have not met their heavy burden of proof, the Court finds the forum selection clause enforceable, and it must dismiss plaintiffs' case. *Id*. at 592 ("even where the forum clause establishes a remote forum for resolution of conflicts, 'the party claiming [unfairness] should bear a heavy burden of proof.'")(quoting *M/S Bremen*, 407 U.S. at 17).

### III. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED.

New Orleans, Louisiana, this ___21st___ day of February, 2013

_____

**SARAH S. VANCE**

**UNITED STATES DISTRICT JUDGE**